

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2004

# Garbacik v. Janson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3149

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Garbacik v. Janson" (2004). *2004 Decisions.* Paper 320.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/320

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3149

MICHAEL GARBACIK;
LAWRENCE HOFF

v.

DAVID JANSON;
MICHAEL MINANNO,

Appellants

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 98-cv-00085)
District Judge: Honorable Thomas I. Vanaskie

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2004

Before: SCIRICA, Chief Judge, ALITO and AMBRO, Circuit Judges

(Filed September 29, 2004)

OPINION

AMBRO, Circuit Judge

David Janson and Michael Minanno appeal the decision of the District Court for

the Middle District of Pennsylvania denying their motion for a new trial. For the reasons set out below, we affirm the decision of the District Court.

I.

Because we write solely for the benefit of the parties, we recite only those facts relevant to the issue on appeal. Michael Garbacik brought excessive force claims against Janson and Minanno, Pennsylvania State Police Troopers, pursuant to 42 U.S.C. § 1983.[1] The incident giving rise to the suit occurred on October 26, 1997. The case was tried before a jury on June 4-8, 2001.

In his complaint, Garbacik asserted that one of the troopers used excessive force in subduing him and that the other failed to intervene. It is not disputed that both officers were present during the incident. Garbacik, however, testified that only one officer used excessive force and could not identify whether that officer was Janson or Minanno.

The special verdict questions initially submitted to the jury were the following:

1. Do you find that plaintiff Michael Garbacik proved, by a preponderance of the evidence, that defendant David Janson used unreasonable force under the circumstances against Michael Garbacik?
. . .
2. Do you find that plaintiff Michael Garbacik proved, by a preponderance of the evidence, that defendant Michael Minanno used unreasonable force under the circumstances against Michael Garbacik?
. . .
3. Do you find that plaintiff Michael Garbacik proved by a preponderance of the evidence that defendant Michael Minanno failed to intervene when

---

[1] A second individual, Lawrence Hoff, also filed suit against Janson and Minanno. Hoff's and Garbacik's cases were tried together, but the jury returned a verdict in favor of Janson and Minanno as to Hoff's claims. He did not appeal.

defendant David Janson used unreasonable force against Michael Garbacik?

. . .

4. Do you find that plaintiff Michael Garbacik proved by a preponderance of the evidence that defendant David Janson failed to intervene when defendant Michael Minanno used unreasonable force against Michael Garbacik?

After the jury had begun deliberating, it came back with following question: "If we don't know which trooper [used excessive force], how do we vote?" In response, the District Court revised the special verdict questions:

1. Do you find that plaintiff Michael Garbacik proved, by a preponderance of the evidence, that he was subjected to the use of unreasonable force under the circumstances?

. . .

2. If you answered Question 1 yes, do you find that plaintiff Michael Garbacik proved, by a preponderance of the evidence, that defendant Michael Minanno is responsible for the use of unreasonable force, either by his actual use of force or his failure to intervene?

. . .

3. If you answered Question 1 yes, do you find that plaintiff Michael Garbacik proved, by a preponderance of the evidence, that defendant David Janson is responsible for the use of unreasonable force, either by his actual use of force or his failure to intervene?

The jury answered all three questions in the affirmative and awarded Garbacik $10,000 in compensatory damages.

Thereafter, Janson and Minanno filed post-trial motions pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure for judgment as a matter of law and for a new trial. The District Court ultimately denied these motions. Janson and Minanno timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II.

Janson and Minanno argue that, for qualified immunity purposes, it was not clearly established at the time of the incident in this case whether § 1983 liability could lie for failure to intervene. See Anderson v. Creighton, 483 U.S. 635, 639 (1987) (stating that "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken" (citations omitted)). Accordingly, they contend a new trial is warranted because the revised special jury questions make it impossible to tell which of them engaged in the excessive use of force.

We "review [a] district court's order ruling on a motion for a new trial for abuse of discretion unless the court's denial is based on the application of a legal precept, in which case the standard of review is plenary." Smith v. Holtz, 210 F.3d 186, 200 (3d Cir. 2000) (citation omitted). Because the issue of § 1983 liability for failure to intervene is a legal one, we exercise plenary review.

In Howell v. Cataldi, 464 F.2d 272 (3d Cir. 1972), the plaintiff brought an excessive force claim against, among others, two police officers. Similar to our case, testimony established that only one of the two officer-defendants engaged in the alleged excessive force violation. We stated that "[m]ere presence of a person, when an assault and battery is committed by another, even though he mentally approves of it, but without encouragement of it by word or sign, is not sufficient of itself to charge him as a

4

participator in the assault." Id. at 282. Based on Howell, Janson and Minanno contend there was no clearly established duty to intervene in 1997, the time of the incident in our case.

We disagree. Several circuit courts had concluded prior to 1997 that the direct use of excessive force is not required to impose liability under § 1983. See Fundiller v. Cooper City, 777 F.2d 1436, 1441-1442 (11th Cir. 1985) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force . . . can be held liable for his nonfeasance."); Webb v. Hiykel, 713 F.2d 405, 408 (8th Cir. 1983) (concluding that an officer has "a duty to prevent the use of . . . force, even if the officers beating [the victim] were [the officer's] superiors"); Ware v. Reed, 709 F.2d 345, 353 (5th Cir. 1983) (concluding that an "instruction on the defendant's alleged acquiescence in the unconstitutional conduct of other officers should have been given"); Bruner v. Dunaway, 684 F.2d 422, 426 (6th Cir. 1982) (concluding "that it is not necessary, in order to hold a police officer liable under § 1983, to demonstrate that the officer actively participated in striking a plaintiff"); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972) (stating that "one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge" and that this responsibility exists "as to nonsupervisory officers who are present at the scene of such

5

summary punishment"). And to the extent that <u>Howell</u> could have been interpreted as adopting a contrary rule in the Third Circuit, we clarified in 1995 that liability will lie if an officer "had knowledge of and acquiesced in" a § 1983 violation. <u>Baker v. Monroe Township</u>, 50 F.3d 1186, 1190-1191 (3d Cir. 1995).

Janson and Minanno argue, however, that <u>Baker</u> did not clearly establish a duty to intervene on the part of nonsupervisory officers in the Third Circuit because the officer in <u>Baker</u> was the highest ranking officer on the scene. They further contend that such a duty was not clearly recognized until <u>Smith v. Mensinger</u>, 293 F.3d 641 (3d Cir. 2002).

Once again, we disagree. In <u>Smith</u>, we stated: "Although the specific context of our analysis [in <u>Baker</u>] only involved an officer's liability for the actions of police officers under his supervision, we do not interpret <u>Baker</u> as suggesting that liability for failure to intervene is solely limited to supervisors or officers who outrank their offending colleagues." <u>Id.</u> at 651. Based on <u>Smith</u> and the other authorities cited, we conclude that the duty to intervene on the part of nonsupervisory employees was clearly established at the time of the incident in this case. Accordingly, we find no error with the revised special jury questions.[2]

\* \* \* \* \*

In this context, we affirm the order of the District Court denying Janson's and Minanno's motion for a new trial.

---

[2] Because we conclude the revised jury questions were proper, we decline to reach Garbacik's additional argument that Janson and Minanno waived the right to raise their qualified immunity argument on appeal.